UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WILLIAM PRAILEAU, *individually and next friend of his
infant children A.M.P., Y.A.P., A.A.P., and B.A.P.*;
A.M.P., *infant*; Y.A.P., *infant*; A.A.P., *infant*;
B.A.P., *infant*; and FIRST CORPORATE SECURITY LLC,

                              Plaintiffs,
                 v.                                      7:09-CV-0924
                                                                  (TJM/GHL)

THE COUNTY OF SCHENECTADY, *a municipal entity*;
TIMOTHY M. MELL, *Police Officer*; WILLIAM GALLOP, *Police Officer*;
BRYAN T. BILLA, *Police Officer*; JUSTIN T. BOLLE, *Police Officer*;
MICHAEL RANALLI, *Chief of Police*; GLENVILLE POLICE
DEPARTMENT; TOWN OF GLENVILLE, *a municipal entity*;
HARRY BUFFARDI, *Sheriff*; SGT. JAMES, *Schenectady
County Correctional Facility*; INVESTIGATOR BROWN, *Schenectady County*;
APOLLO, *Security Manager at Glenville Walmart*; and
GLENVILLE WALMART,

                              Defendants.

---

APPEARANCES

WILLIAM PRAILEU
Plaintiff *pro se*
07-A-7059
Gouverneur Correctional Facility
Scotch Settlement Road
P.O. Box 480
Gouverneur, NY 13642

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION & ORDER

      The Clerk has sent to the Court for review a *pro se* civil rights complaint submitted for filing by William Praileau ("Plaintiff"),[1] infants A.M.P., Y.A.P., A.A.P., and B.A.P., and First Corporate Security, LLC.  Dkt. No. 1.  Plaintiff also filed an application to proceed *in forma pauperis* and an

---

[1] As discussed herein, the Court recommends dismissal of the infants and the company who are named as plaintiffs.  Therefore, any reference herein to "Plaintiff" is to William Praileau.

inmate authorization form. Dkt. Nos. 2-3. For the reasons described below, I recommend that Plaintiff may file an amended complaint should Plaintiff wish to avoid dismissal of this action.

## I.     Allegations in the Complaint

Plaintiff alleges the following in his complaint. On August 9, 2006, Plaintiff was driving his vehicle to the "Super Walmart" in Glenville, New York (hereinafter "Walmart"). Dkt. No. 1 at ¶¶ 19-20. Plaintiff was accompanied by two of his children, A.A.P. and B.A.P. *Id.* at ¶ 20.

While approaching Walmart, Defendant Timothy M. Mell, a police officer, directed Plaintiff to pull over. Dkt. No. 1 at ¶ 28. Plaintiff stopped his vehicle in Walmart's parking lot. *Id.* at ¶¶ 28-29. Both Plaintiff and Defendant Mell exited their vehicles. *Id.* at ¶¶ 30-31. They exchanged remarks before Defendant Mell pushed Plaintiff against his vehicle and sprayed him with "professional grade police pepper mace." *Id.* at ¶¶ 34-42.

Defendant Bryan Billa, a police officer, arrived. Dkt. No. 1 at ¶ 40. Plaintiff was then "tackled," handcuffed, placed face-down on the pavement, kicked, sprayed with more "pepper mace," stood on, and suffocated. *Id.* at ¶¶43-48.

A local fire department arrived. Dkt. No. 1 at ¶55-57. While being treated by fire department personnel, Plaintiff described the incident to the personnel. *Id.* at ¶ 57. Defendant Mell told Plaintiff to stop talking. *Id.* at ¶ 58. Defendant Justin Bolle, a "rookie officer," "listen[ed] and [was] frozen in silence." *Id.* at ¶59. Defendant Mell then searched Plaintiff's vehicle and discovered "contraband." *Id.* at ¶ 61.

Plaintiff was taken to a police station where Defendant Mell threatened Plaintiff and repeatedly tightened the handcuffs on Plaintiff. Dkt. No. 1 at ¶¶ 65-67. Defendant Mell stated to Plaintiff, "'Why did I pull you over?! . . . To shave that underarm hair from the top of your head!!'" *Id.* at ¶ 68.

Plaintiff was arraigned on several counts,[2] including a "felony assault on Officer Billa." Dkt. No. 1 at ¶ 70.  However, Defendant Billa later testified before a grand jury that his injury was "'nothing.'" *Id.* at ¶ 71.  A jury found Plaintiff guilty of committing certain offenses. *Id.* at ¶ 74.

Plaintiff was subsequently held at the Schenectady County Correctional Facility where he found that the law library and access to legal materials were inadequate.  Dkt. No. 1 at ¶¶ 74-94.

Plaintiff also claims that a Walmart security officer named Apollo was "informed" of "the need" for the surveillance tape of Walmart's parking lot.  Dkt. No. 1 at ¶ 95.  Apollo stated that he would "preserve" the tape and "would only hand it over to the police." *Id.*  Plaintiff claims that he hired a private investigator, who attempted to obtain a copy of the tape, but discovered that the tape had been erased. *Id.* at ¶ 96.

Plaintiff claims that Defendants Mell and Billa utilized excessive force; Defendants Sheriff Harry Buffardi, Schenectady County, and Sargent James denied Plaintiff access to the courts; and that Defendant Walmart destroyed evidence in violation of 42 U.S.C. § 1983.  Dkt. No. 1 at ¶¶98-106.  Plaintiff seeks monetary damages. *Id.* at p. 22.

**II.     Rules governing pleading requirements**

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, No. 95 CIV 4768, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y.

---

[2] Plaintiff does not specify all of the counts.

Case 7:09-cv-00924-TJM-GHL   Document 4   Filed 08/20/09   Page 4 of 12

1995) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977))) (other citation omitted).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in pertinent part,

> **(b) Paragraphs; Separate Statements.** All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

Fed. R. Civ. P. 10(b).

The purpose of Rule 10 "is to 'provide an easy mode of identification for referring to a particular paragraph in a prior pleading . . . .'" *Sandler v. Capanna*, Civ. A. No. 92-4838, 1992 WL 392597, *3 (E.D. Pa. Dec. 17, 1992) (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules presents too heavy a burden for the defendants in shaping a comprehensive defense, provides no meaningful basis for the court to assess the sufficiency of the plaintiff's claims, and is properly subject to dismissal. *See Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has stated, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). "Dismissal, however, is 'usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Hudson*, 1998 WL 832708, at *2 (quotation omitted). Therefore, in those cases in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a

claim that is on its face nonfrivolous. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

A review of the complaint reveals that several infants and a company are improperly named as plaintiffs. A review of the complaint also reveals that the allegations are lengthy and confusing. For instance, the complaint contains several pages of rambling speculation as to an alleged conspiracy involving many individuals who are not named as defendants. Dkt. No. 1 at ¶¶1-7. Moreover, as to those individuals who *are* named as defendants, Plaintiff appears to be asserting claims against only a few of the defendants. *See id.* at ¶¶ 98-106. In sum, the complaint is not short and plain. The Court addresses these issues in more detail as follows.

### III.   Plaintiffs

#### A.   First Corporate Security LLC

The complaint names First Corporate Security LLC as a plaintiff. Dkt. No. 1. Plaintiff states that he was the "founder and owner" of this organization, which is a "watch guard and patrol agency." *Id.* at ¶ 13. However, a limited liability company may not proceed *pro se* in federal court. *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (holding that a limited liability company may appear in federal court only through a licensed attorney). Accordingly, I recommend dismissal of First Corporate Security LLC as a plaintiff.

#### B.   Infants A.M.P., Y.A.P., A.A.P., and B.A.P.

The complaint names infants A.M.P., Y.A.P., A.A.P., and B.A.P. as plaintiffs. Dkt. No. 1. However, a minor may not bring an action on his own behalf in federal court. *See* Fed. R. Civ. P. 17(c). Therefore, A.M.P., Y.A.P., A.A.P., and B.A.P. may not proceed on their own behalf. Moreover, the complaint contains no indication that these individuals suffered any injury. For these reasons, I recommend that infants A.M.P., Y.A.P., A.A.P., and B.A.P. be dismissed as plaintiffs.

### C. Plaintiff William Praileau as "Next Friend"

Plaintiff is attempting to proceed as "next friend of his infant children AMP, YAP, AAP, and BAP." Dkt. No. 1 at p. 1. "A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). However, "[a] parent may sue on behalf of his or her minor child as a next friend **only if 'the parent is represented by counsel and has no interests that conflict with those of the child**.'" *Justin F. v. Maloney*, No. 3:04CV1149, 2004 WL 3078811, at *1 (D. Conn. Dec. 21, 2004) (quoting *Bullock v. Dioguardi*, 847 F.Supp. 553, 560 (N.D.Ill.1993)) (emphasis added); *see also Berrios v. New York City Housing Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) ("The fact that a minor or incompetent person must be represented by a next friend, guardian ad litem, or other fiduciary does not alter the principle embodied in § 1654 that **a non-attorney is not allowed to represent another individual in federal court litigation without the assistance of counsel**.)

Here, Plaintiff is unrepresented by counsel. Therefore, it is recommended that he not be permitted to proceed as "next friend" of his infant children. Accordingly, the Clerk of the Court should be directed to remove the phrase "next friend of his infant children A.M.P., Y.A.P., A.A.P. and B.A.P." from the description following William Praileau's name on the docket.

## IV. Pleading Deficiencies

### A. Access to Courts

Plaintiff alleges that his access to the courts was denied by Defendants Buffardi, Schenectady County, and James. Dkt. No. 1 at ¶¶ 101-03.

It is well settled that inmates have a First Amendment right to "petition the Government for a

redress of grievances."[3] This right, which is more informally referred to as a "right of access to the courts," requires States "to give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights." *Bounds v. Smith*, 430 U.S. 817, 828 (1977), *modified on other grounds*, *Lewis v. Casey*, 518 U.S. 343, 350 (1996); *see also Bourdon v. Loughren*, 386 F.3d 88, 92 (2d Cir. 2004) (citations omitted). "However, this right is not 'an abstract, freestanding right to a law library or legal assistance' and cannot ground a Section 1983 claim without a showing of 'actual injury.'" *Collins v. Goord,* 438 F. Supp.2d 399, 415 (S.D.N.Y. 2006) (quoting *Lewis*, 518 U.S. at 351). As a result, to state a claim for denial of access to the courts, a plaintiff must assert non-conclusory allegations demonstrating both (1) that the defendant acted deliberately and maliciously, and (2) that the plaintiff suffered an actual injury. *Lewis*, 518 U.S. at 353; *Renelique v. Duncan*, 03-CV-1256, 2007 WL 1110913, at *9 (N.D.N.Y. Apr. 12, 2007) (Strom, J.); *Howard v. Leonardo*, 845 F. Supp. 943, 946 (N.D.N.Y. 1994) (Hurd, M.J.). It is worth noting that "[t]his actual injury requirement 'is not satisfied by just any type of frustrated legal claim,' because the Constitution guarantees only the tools that 'inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.'" *Collins*, 438 F. Supp.2d at 415-16 (quoting *Lewis*, 518 U.S. at 355). "'Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.'" *Id.*

Plaintiff claims that he was denied access to the courts. However, no actual injury is alleged. Therefore, if Plaintiff files an amended complaint in which he claims that he was denied access to the courts and if he wishes to avoid dismissal of this claim, he must set forth non-conclusory allegations

---

[3] *See* U.S. CONST. amend I ("Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.").

demonstrating both (1) that a defendant acted deliberately and maliciously, and (2) that he suffered an actual injury.

### B. Defendants

#### 1. Security Manager Apollo and Glenville Walmart

Plaintiff named Apollo and Glenville Walmart as defendants. Dkt. No. 1. "In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law." *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). A private actor acts under color of state law when the private actor "is a willful participant in joint activity with the State or its agents." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (internal quotations omitted). A mere conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity. *See Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992).

In this case, Apollo and Glenville Walmart are not state actors. Apollo is a security manager at the Glenville Walmart, which is a retail store. There is no indication that these defendants were willful participants in joint activity with the state or its agents. Therefore, if Plaintiff files an amended complaint in which Apollo and Glenville Walmart are named as defendants and if he wishes to avoid dismissal of these defendants, he must provide more than a mere conclusory allegation that these defendants acted in concert with a state actor.

#### 2. Police Officer Justin T. Bolle, Sheriff Harry Buffardi, Sargent James, Police Officer William Gallop, and Investigator Brown

Plaintiff claims that Defendant Bolle silently listened to Plaintiff when Plaintiff described the traffic stop to the fire department personnel and/or when Defendant Mell told Plaintiff to stop talking.

Dkt. No. 1 at ¶ 59. Plaintiff claims that Defendants Buffardi and James denied him access to the courts. Dkt. No. 1 at ¶ 102. Plaintiff named William Gallop and Investigator Brown as defendants but provided no allegations against these individuals in the body of the complaint.

Where a defendant is listed in the caption but the body of the complaint fails to indicate what the defendant did to the plaintiff, dismissal is appropriate. *Gonzalez v. City of N.Y.*, No. 97 CIV. 2246, 1998 WL 382055, at *2 (S.D.N.Y. Jul. 9, 1998); *see also Crown v. Wagenstein*, No. 96 CIV. 3895, 1998 WL 118169, at *1 (S.D.N.Y. Mar. 16, 1998) (mere inclusion of warden's name in complaint insufficient to allege personal involvement); *Taylor v. City of New York*, 953 F. Supp. 95, 99 (S.D.N.Y. 1997) (same). "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)) (other citations omitted).

The complaint fails to clearly indicate how Defendants Bolle, Buffardi, James, Gallop, and Brown were personally involved in the deprivation of Plaintiff's constitutional rights. Therefore, if Plaintiff submits an amended complaint in which these individuals are named as defendants and if he wishes to avoid dismissal of these defendants, he must clearly state how these individuals were personally involved in the deprivation of Plaintiff's constitutional rights.

### 3.     Chief of Police Michael Ranalli

Plaintiff vaguely claims that Defendant Ranalli was included in a conspiracy to wrongfully prosecute him. Dkt. No. 1 at ¶ 4. The Second Circuit has repeatedly held that conclusory, vague or general allegations of a conspiracy to deprive a person of constitutional rights do not state a claim for relief under section 1983. *See Brown v. City of Oneonta*, 106 F.3d 1125, 1133 (2d Cir. 1997) (citation

omitted). "It is incumbent on a plaintiff to state more than conclusory allegations to avoid dismissal of a claim predicated on a conspiracy to deprive him of his constitutional rights." *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990). In a situation where a plaintiff has set forth a claim of conspiracy, "a higher burden is imposed and requires that the plaintiffs file a detailed factual pleading." *Rigby v. Coughlin*, 730 F. Supp. 1196, 1199 (N.D.N.Y. 1990) (McAcvoy, J.). In other words, a plaintiff must set forth more than mere allegations when stating a claim involving conspiracy. Here Plaintiff provided a vague one-sentence allegation of conspiracy. Therefore, if Plaintiff submits an amended complaint in which he claims that Defendant Ranalli was involved in a conspiracy and if he wishes to avoid dismissal of this claim, he must provide more than a mere allegation of conspiracy.

**V.     Amended Complaint**

In light of the foregoing, I recommend that Plaintiff may file an amended complaint within thirty (30) days of the filing date of any Order adopting this Report and Recommendation should he wish to avoid dismissal of this action. Any amended complaint, which shall **supersede and replace in its entirety** Plaintiff's original complaint (Docket # 1), must contain a **short and plain** statement of the claim showing that he is entitled to relief with all averments of claim set forth in numbered paragraphs. *See* Fed. R. Civ. P. 8(a)(2) & Fed. R. Civ. P. 10(b). The amended complaint must also allege claims of misconduct or wrongdoing against defendants which Plaintiff has a legal right to pursue, and over which this Court may properly exercise jurisdiction.

**VI.    Application to proceed *in forma pauperis***

Plaintiff submitted an application to proceed *in forma pauperis* and an inmate authorization form. Dkt. Nos. 2-3. After a review of these filings, the Court finds that Plaintiff may proceed *in forma pauperis*.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that infants A.M.P., Y.A.P., A.A.P., and B.A.P., and First Corporate Security, LLC be **DISMISSED** as plaintiffs; and it is further

**RECOMMENDED**, that Plaintiff William Praileau not be permitted to proceed as "next friend" of infants A.M.P., Y.A.P., A.A.P., and B.A.P., and that the Clerk of the Court remove the phrase "next friend of his infant children A.M.P., Y.A.P., A.A.P. and B.A.P." from the description following Plaintiff William Praileau's name on the docket; and it is further

**RECOMMENDED**, that Plaintiff may file an amended complaint **within thirty (30) days** of the filing date of any Order adopting this Report and Recommendation; and it is further

**RECOMMENDED**, that if Plaintiff fails to timely file an amended complaint, the Clerk enter judgment dismissing this action without further order of this Court due to Plaintiff's failure to comply with the terms of any Order adopting this Report and Recommendation and the requirements of the Federal Rule of Civil Procedure 8; and it is further

**RECOMMENDED**, that upon the filing of Plaintiff's amended complaint, the file in this matter be returned to the Court for further review; and it is further

**ORDERED**, that Plaintiff's *in forma pauperis* application (Dkt. No. 2) is GRANTED;[4] and it is further

**ORDERED** that the Clerk provide the Superintendent of the facility designated by Plaintiff as his current location with a copy of Plaintiff's authorization form, and notify the official that this action has been filed and that Plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to

---

[4] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

-11-

28 U.S.C. § 1915; and it is further

**ORDERED** that the Clerk provide a copy of Plaintiff's authorization form to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED**, that the Clerk serve copies of the electronically-available-only decisions cited herein[5] on Plaintiff; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation & Order on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: August 19, 2009
Syracuse, New York

*[signature]*
George H. Lowe
United States Magistrate Judge

---

[5] The decisions include: *Hudson v. Artuz*, No. 95 CIV 4768, 1998 WL 832708 (S.D.N.Y. Nov. 30, 1998); *Sandler v. Capanna*, Civ. A. No. 92-4838, 1992 WL 392597 (E.D. Pa. Dec. 17, 1992); *Justin F. v. Maloney*, No. 3:04CV1149, 2004 WL 3078811 (D. Conn. Dec. 21, 2004); *Renelique v. Duncan*, 03-CV-1256, 2007 WL 1110913 (N.D.N.Y. Apr. 12, 2007); *Gonzalez v. City of N.Y.*, No. 97 CIV. 2246, 1998 WL 382055 (S.D.N.Y. Jul. 9, 1998); and *Crown v. Wagenstein*, No. 96 CIV. 3895, 1998 WL 118169 (S.D.N.Y. Mar. 16, 1998).